TERENCE P. SMITH, RESPONDENT, v. THE MAYOR, ETC.,
OF THE CITY OF NEW YORK, APPELLANT.

1869, *chap*. 876, § 11 — "*public officer*."

APPEAL from an order overruling a demurrer to the complaint.

Respondent was appointed messenger to the president of the board of aldermen, on the 1st day of January, 1869, and performed the duties of said messenger until the 6th day of June, 1870.

On the 23d day of October, 1869, his salary was increased from $1,500 to $2,500 per annum. Appellant refused to pay the difference between the original salary and the increased salary, and this action is brought to recover such increase.

Appellant demurred to the complaint, and the demurrer was overruled, and judgment ordered for plaintiff.

The position taken by appellant was that the increase was in violation of section 11, chapter 876 of the Laws of 1869, passed May 12, 1869, which provides as follows: "The common council of the city of New York are hereby prohibited from creating any new office or department, or increasing the salaries of those now in office, or their successors, except as provided by acts passed by the legislature." The court at General Term *held*, that a messenger to the president of the board of aldermen in New York, was not a public officer within the meaning of section 11 of chapter 876 of 1869.

*Collins* v. *The Mayor*, *etc.* (10 S. C., 680), in which case it was held that the plaintiff was an officer, was distinguished because the office of his principal was one created by law, and its duties were official, and his deputy or assistant clerk was appointed to perform some portion of the official functions of the clerk himself. But a " messenger to the president of the board of aldermen " could not be supposed to perform the official functions of the president. He serves him in no official capacity in carrying messages and running errands, and is clothed with no power to perform any official duty of that office.

*D. J. Dean*, for the appellant.

*C. E. Miller*, for the respondent.

Opinion by Davis, P. J.

Daniels and Brady, JJ., concurred.

Order affirmed with costs, and with leave to defendants to answer on payment of costs.